IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TERESA M. WILLETT                                                    PLAINTIFF

V.                      Case No. 3:25-cv-00107-BSM-BBM

FRANK BISIGNANO, Commissioner,
Social Security Administration                                      DEFENDANT

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. Any objection should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Clerk of Court within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties also may waive the right to appeal questions of fact.

**I.      INTRODUCTION**

Seeking to challenge the denial by the Commissioner of the Social Security Administration ("SSA") of her applications for a period of disability, disability-insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, Plaintiff Teresa M. Willett filed the above-captioned lawsuit under 42 U.S.C. § 405(g) on June 9, 2025. (Doc. 2); (Doc. 5-1 at 8). On August 7, 2025, the Commissioner filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming Willett's action is time-barred by § 405(g)'s 60-day limitations provision. (Doc. 5). Willett filed a

response in opposition on August 13, 2025. (Doc. 6).

As the Court explained in its December 16, 2025 Order, because both parties presented documents "outside the four corners" of the complaint—"either in support of or in opposition to the Commissioner's motion"—the Court was required to treat the Motion to Dismiss "'as one for summary judgment under' Federal Rule of Civil Procedure 56" and give the parties "'a reasonable opportunity to present all the material that is pertinent to the motion.'" (Doc. 7 at 1–2) (quoting FED. R. CIV. P. 12(d)). The Commissioner and Willett were given until December 30, 2025, and January 13, 2026, respectively, "to file with the Court any additional material" they believed "pertinent to the Commissioner's motion," *id.* at 2, but neither party has done so.

Having carefully reviewed the parties' briefing, the entire record, and the relevant law, this Court recommends that the Commissioner's Motion be granted and that Willett's Complaint be dismissed with prejudice for the reasons stated herein.

## II.    BACKGROUND

As exhibits to his Motion to Dismiss, the Commissioner filed (1) the May 2024 decision of an SSA Administrative Law Judge ("ALJ"), denying Willett's applications for benefits; (2) the March 2025 notice from the SSA Appeals Council, responding to Willett's request for review and stating that it found no "basis for changing" the ALJ's decision; and (3) a declaration signed on August 6, 2025, by Lesha Cowell—an SSA Office of Appellate Operations employee—which authenticated the ALJ decision and Appeals Council notice and further stated that, as of the signature date, Cowell was "not aware" of Willett or her

counsel submitting to the SSA "any request for an extension of time to file a civil action," (Doc. 5-1 at 1–4, 8–21, 27–29).

As shown in those documents, the ALJ issued his decision in this matter on May 31, 2024, denying Willett's applications for benefits. (Doc. 5-1 at 3, 9, 21). Thereafter, Willett requested that the Appeals Council review the ALJ's decision. *Id.* at 1–3. In a "Notice of Appeals Council Action" dated March 31, 2025, an SSA Appeals Officer advised that Willett's request for review had been denied and, thus, the ALJ's decision in her case was "the final decision of the Commissioner," *id.* at 27. The SSA mailed that notice to Willett at her address in Jonesboro, Arkansas, copying her attorney in Fort Smith, Arkansas. *Id.* at 27, 29, 32. The notice advised Willett of her right to seek federal-court review of the ALJ's decision and addressed the "Time to File a Civil Action" in these three bullet points:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

  You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) on your request. We will send you a letter telling you whether your request for more time has been granted.

*Id*. at 28–29. On these points, the notice tracked the federal statute and regulation governing judicial review of the Commissioner's final decisions.[1]

As mentioned, Willett filed her complaint in this Court on June 9, 2025. (Doc. 2). In his motion, the Commissioner says that Willett's Complaint was untimely because, in his view, Willett presumably received the Appeals Council notice no later than April 5, 2025 (the fifth day after the notice date of March 31, 2025) and, therefore, she should have filed suit no later than June 4, 2025 (the 60th day after the presumed notice-receipt date of April 5, 2025). (Doc. 5 at 3). Consequently, the Commissioner seeks a Rule 12(b)(6) dismissal with prejudice on the ground that Willett's Complaint was filed five days too late, and "no circumstances . . . justify equitable tolling," *id.* at 1–4 & n.1.

In response, Willett asserts that her counsel received the Appeals Council notice on Monday, April 7, 2025, *not* on Saturday, April 5, 2025 (as the Commissioner urges based on the regulation's five-day presumption). As proof, Willett submits a copy of the Appeals Council notice received by her counsel at his law firm and "stamped" by the firm's office manager with a "receipt date" of April 7, 2025. (Doc. 6 at 1, 4).

---

[1] *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *see also* 20 C.F.R. § 422.210(c) ("Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

Willett also seeks to avoid the time-bar on additional grounds resembling an equitable-tolling argument (although, in her response, Willett does not explicitly argue for any type of "tolling"). First, Willett states that it was necessary for her and her counsel to "exchange" the "necessary case initiating documents . . . through the mail, so as to obtain original, wet ink signatures as required by" this Court's "Local Rules and General Orders." (Doc. 6 at 1–2, ¶ 5). Second, she says that, when those documents were ready for filing, she "had to mail the pleadings" to the Clerk of Court "due to Court requirements," and this "was accomplished via Certified Mail, and was signed for by Court personnel" on June 9, 2025, when, as mentioned, the Complaint was filed. *Id.* at 1, ¶ 4. Third, Willett says that her "case initiating documents were mailed out to the Clerk prior to Defendant's alleged deadline," *id.* at 2, ¶ 7. And fourth, she avers that, during the relevant time, her counsel

> was dealing with medical issues that resulted in surgical intervention, and substantial downtime, and he was attempting to work, maintain deadlines, and keep cases moving forward while under medical orders to refrain from driving and/or being in the office.

*Id.* at 2, ¶ 8. According to Willett, her counsel "also took steps during this time to request extensions as well as to notify relevant parties of his condition" and "any delays he anticipated while attempting to recover from surgery," and "efforts were made to inform SSA and local Courts of Plaintiff's counsel's status between the middle of March, until approximately early May of 2025." *Id.* at 2, ¶¶ 9–10.

## III.    DISCUSSION

### A.    Standard of Review

As a preliminary procedural matter, the Court notes that the Commissioner seeks

dismissal under Rule 12(b)(6) on the basis of a statute of limitations, whose "[b]ar . . . is typically an affirmative defense, which the defendant must plead and prove." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Because a "defendant does not render a complaint defective by pleading an affirmative defense, . . . the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal," *id.* The exception, of course, is when "the complaint itself establishes the defense." *Id.* If "it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through" a Rule 12(b)(6) motion. *Wycoff v. Menke*, 773 F.2d 983, 984–85 (8th Cir. 1985) (citation omitted).[2]

The problem here, however, as in other Social Security cases, is that "the complaint is silent as to when the plaintiff received the notice that triggered the running of the limitations period," *Rodriguez v. Comm'r of Soc. Sec.*, No. 23-CV-4554, 2024 WL 130925, *3 (S.D.N.Y. Jan. 10, 2024) (M.J. Rec.), *adopted*, 2024 WL 456710 (S.D.N.Y. Feb. 5, 2024). Indeed, the Complaint in this case does not even mention the Appeals Council notice, let alone its issuance date. Thus, in support of his limitations argument, the Commissioner submitted portions of the administrative record—most significantly, the Appeals Council notice dated March 31, 2025—and Willett has neither questioned those records' authenticity nor otherwise objected to them. Accordingly, the Court finds that it is appropriate to consider at least the Appeals Council notice under Rule 12(b)(6), given

---

[2] *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (if a complaint's "allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 942 (8th Cir. 2021) ("courts may sometimes dismiss claims properly under Rule 12(b)(6) 'as barred by a statute of limitations if the complaint itself shows that the claim is time-barred'") (citation omitted).

"the familiar rule that documents referenced in or integral to a plaintiff's complaint, as well as judicially noticeable documents, may be considered on a motion to dismiss without converting it into a motion for summary judgment." *Id*. (footnote omitted); *see Nicholas C. v. Saul*, No. 2:20-CV-00023, 2020 WL 2616254, *2 (E.D. Wash. May 22, 2020) (considering Appeals Council notice on motion to dismiss "under the doctrine of incorporation by reference," as it was "essential to the complaint" and its "authenticity" was "not in dispute"); *see generally Johnson v. Perdue*, 862 F.3d 712, 715 (8th Cir. 2017) (district court, in granting motion to dismiss, "properly considered the Final Agency Decision" of relevant USDA office "because it is embraced by the allegations in the complaint, is a matter of public record, and its authenticity has not been questioned"); *Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015) ("'when ruling on Rule 12(b)(6) motions to dismiss,'" courts may consider "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).[3]

This incorporation-by-reference principle, however, may not reach so far as to allow the Court, on a motion to dismiss, to consider (1) Willett's exhibit containing the copy of the Appeals Council notice purportedly received by her counsel on April 7, 2025; and (2) the declaration testimony proffered by the Commissioner concerning the agency's non-

---

[3] *See also Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (a court "considering a Rule 12(b)(6) motion . . . 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings'") (citation omitted); *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (a court may consider on "a motion to dismiss . . . 'materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record'") (citation omitted).

receipt of an extension request from Willett or her counsel. And that is why the Court issued its Rule 12(d) order, advising the parties that the Court would consider these documents but under the rubric of Rule 56. (Doc. 7); *see, e.g.*, *Court v. Hall County*, 725 F.2d 1170, 1172 (8th Cir. 1984) ("if the defendant files an affidavit in support of a Rule 12(b)(6) motion to dismiss, the district court must treat the motion as one for summary judgment unless it decides to exclude the affidavit in considering the motion").[4]

For present purposes, then, the Court will consider under Rule 12(b)(6) the Complaint's "well-pleaded factual allegations" and the facts provided in the incorporated Appeals Notice, and it will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As for Willett's exhibit and the SSA declaration, the Court will consider them under Rule 56, viewing the facts they provide "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting FED. R. CIV. P. 56(c)).[5]

---

[4] Because the 60-day limitations provision in § 405(g) "is not jurisdictional," *Bowen v. City of New York*, 476 U.S. 467, 478 (1986), the Court in this instance cannot "consider matters outside the pleadings" as it may do "when subject matter jurisdiction is challenged under Rule 12(b)(1)." *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990); *accord Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023).

[5] Although the Commissioner has not filed a statement of undisputed material fact as prescribed by Local Rule 56.1(a), "the Court may, in its discretion, excuse a party's non-compliance with that rule" particularly where, as here, the "issue" in the case is "concise," and the Commissioner has furnished a declaration that "narrates the relevant facts and attaches the supporting documents" and, thus, "adequately serves the purpose of the separate statement ordinarily required" by that Local Civil. *Miller v. Saul*, No. 19-CV-1579, 2020 WL 5899520, *4 n.4 (S.D.N.Y. Jan. 10, 2020) (M.J. Rec.), *adopted*, 2020 WL 4365284 (S.D.N.Y. July 30, 2020); *see generally Brannon v. Luco Mop Co.*, 521 F.3d 843, 847 (8th Cir. 2008) (a "district court retains considerable discretion" over application of local rules).

### B.      Willett's Complaint was Untimely Filed.

Considering the evidence all together, it plausibly and indisputably shows that (1) the Appeals Council issued its notice on March 31, 2025; (2) the notice was received by Willett's counsel on April 7, 2025; and (3) neither Willett nor her counsel asked the SSA to extend the time to file this federal-court action. Given this record and the applicable law, the Court is constrained to agree with the Commissioner that Willett filed her Complaint too late and that, as a result, it should be dismissed with prejudice under § 405(g).

Accepting Willett's assertion—supported by her exhibit—that her counsel received the Appeals Council notice on Monday, April 7, 2025, (Doc. 6 at 4), that only delayed by two days the commencement of the 60-day limitations period. And Willett's 60-day clock for filing her complaint still expired on June 6, 2025—three days before she filed suit on June 9, 2025. Thus, accepting the facts in the light most favorable to Willett, the Court finds that this action was filed too late.[6]

Such an outcome may seem "harsh," but the Court's "hands are tied." *Ortiz v. Social Sec. Adm'n*, No. 2:22-cv-00780, 2023 WL 6795877, *1 (D. Utah Oct. 13, 2023). The Court is obligated to "strictly construe[]" § 405(g)'s 60-day provision, which Congress enacted in order "to move cases to speedy resolution in a bureaucracy that processes millions of

---

[6] The Court of Appeals for the Eighth Circuit has held that "notice received by either the individual or the individual's attorney, *whichever occurs first*, triggers the sixty-day limitations period." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (per curiam) (emphasis added). Here, Willett has neither alleged—nor, despite the Court's Rule 12(d) order, proffered evidence to show—when *she* (as opposed to her counsel) received the Appeals Council notice. Even if she received the notice on a date different from her counsel's receipt date of April 7, 2025, however, this could not possibly affect the limitations analysis. Assuming her receipt date was *before* April 7, 2025, then her 60-day clock still would have expired well before the date on which she filed her complaint (June 9, 2025). And if her receipt date were *after* April 7, 2025, then her counsel's receipt date, having "occurred first," would control.

claims annually." *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986). "It is well-established," then, that a "failure to comply with the sixty-day limitation warrants dismissal." *Barber v. Saul*, No. 4:19-cv-00275-DPM-JTK, 2019 WL 3418430, *2 (E.D. Ark. July 29, 2019) (M.J. Rec.), *adopted*, 2019 WL 3891015 (E.D. Ark. Aug. 16, 2019).[7] That is so even where, as here, a Social Security plaintiff misses the 60-day deadline by as few as three days. *See*, *e.g.*, *Nicholas C.*, 2020 WL 2616254, at *2 (noting that federal courts "have strictly applied the time limitation" and citing examples where they have dismissed Social Security complaints filed only *one* or *two* days late).[8]

Finally, the Court recognizes that, in certain circumstances, § 405(g)'s 60-day limitations provision may be subject to equitable tolling. *Bowen*, 476 U.S. at 480; *see Zell v. Kijakazi*, No. 4:20-cv-01498-JM-JJV, 2021 WL 3926042, *2 (E.D. Ark. Sept. 1, 2021) (M.J. Rec.) ("Absent equitable tolling circumstances, failure to adhere to the sixty-day limitations period warrants dismissal."), *adopted*, 2021 WL 4235501 (E.D. Ark. Sept. 16, 2021). But to the extent that Willett even seeks this "limited and infrequent form of relief" to avoid dismissal, she has not established that she "'has been pursuing [her] rights

---

[7] *Accord Johnson v. Berryhill*, No. 1:17-cv-00097-JTK, 2018 WL 326474, *1 (E.D. Ark. Jan. 8, 2018); *Smith v. Colvin*, No. 4:16-cv-00084-BSM-JTK, 2016 WL 4414854, *2 (E.D. Ark. July 27, 2016) (M.J. Rec.), *adopted*, 2016 WL 4414784 (E.D. Ark. Aug. 17, 2016); *Smith v. Astrue*, No. 2:11-cv-00062-DPM-HDY, 2011 WL 5402168, *2 (E.D. Ark. Sept. 1, 2011) (M.J. Rec.), *adopted in part, rejected in part on other grounds*, 2011 WL 5402126 (E.D. Ark. Nov. 4, 2011)

[8] Although the Court has reviewed a passage in the response where Willett appears to make alternative arguments to the effect that her filing deadline somehow fell on either June 14, 2025, or June 11, 2025, she offers no calculations or other analysis to support those dates, and they do not square with § 405(g) and the related regulations and agency materials. (*See* Doc. 6 at 2, where Willett avers that she "should have had an additional five (5) days beyond June 9th, 2025, in which to file her Complaint, and at least seven (7) days beyond the June 4, 2025 date alleged by the Defendant, based upon the date such Notice was received"). The Court, therefore, will disregard those alternative dates.

10

diligently'" and that "'some extraordinary circumstance stood in [her] way.'" *Smithrud*, 746 F.3d at 396 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

As previously mentioned, the declaration proffered by the Commissioner—which Willett does not dispute—indicates that neither Willett nor her counsel ever sought an agency-level extension as permitted under agency policy. Had Willett done even that much, it might have bolstered her argument for "due diligence." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).[9] Likewise, Willett did not demonstrate due diligence simply by *mailing* her Complaint before the deadline. *See, e.g.*, *Trotter v. Chater*, 81 F.3d 164 (7th Cir. 1996) (unpub.) (rejecting, as lacking case-law support, the plaintiff's "assertion that the mailing of a complaint within 60 days constitutes timely filing under 42 U.S.C. § 405(g)").[10] Nor is equitable tolling warranted because Willett and her counsel had to use the mail to exchange case documents for review and to submit them to the Clerk of Court. Finally, at least on this record, Willett has not shown that equitable tolling is warranted by her counsel's alleged illness during part of the relevant time period. *See, e.g.*, *Severino-Todd v. Wal-Mart, Inc.*, No. 5:11-CV-336, 2011 WL 6370483, *3 (E.D.N.C. Dec. 20, 2011) ("'Illness is rarely valid grounds for the application of equitable tolling.'")

---

[9] As previously mentioned, Willett states in her response that her counsel "took steps during this time to request extensions," (Doc. 6 at 2, ¶ 9). But such a broad and conclusory assertion does not undercut the more specific declaration testimony showing that, in *this* case, the agency received no extension request in accordance with its policy.

[10] *Accord Miller*, 2020 WL 5899520, at *4 (where Social Security complaint was due by February 15, 2019, and mailed before the deadline on February 13, it was dismissed as untimely because the Clerk of Court did not receive and file it until February 19, 2019); *see also Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline.").

(citations omitted), *aff'd*, 470 F. App'x 139 (4th Cir. 2012); *see also Bradford v. Horton*, 350 F. App'x 307, 310 (10th Cir. 2009) ("It may well be that in some cases an attorney's medical condition could provide a basis for a showing of extraordinary circumstances, but this case is not one of them."); *Whitt v. Stephens County*, 529 F.3d 278, 283 n.7 (5th Cir. 2008) ("Whitt's counsel explains that delay in amending the complaint was caused by counsel's incapacitating medical condition and hospitalization. Though such circumstances might bear on a finding of excusable neglect in missing a court's filing deadline, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling of limitations.") (citations and internal quotation marks omitted).

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's Motion to Dismiss, (Doc. 5), be GRANTED.

2. Judgment be entered for the Commissioner.

3. The Complaint be dismissed with prejudice.

DATED this 11th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE